Sheldon L. Pollock
Gerald A. Gross
Todd D. Brody
Sheldon Mui
**Attorneys for Applicant**
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl St., Suite 20-100
New York, New York 10004
(212) 336-00080 (Brody)
E-mail: brodyt@sec.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**SECURITIES AND EXCHANGE COMMISSION,**       :
                                                                                    :
                                        **Applicant,**               :         **25-MISC-312**
      - against -                                                         :
                                                                                    :         **ECF CASE**
**RABINDRANAUTH PERSAUD**                                   :
                                                                                    :
                                        **Respondent.**            :
------------------------------------------------------------------x

### SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND FOR AN ORDER REQUIRING COMPLIANCE WITH SUBPOENAS

The Securities and Exchange Commission ("Commission"), by its undersigned counsel, respectfully submits this Application for an Order to Show Cause and for an Order Requiring Compliance with Subpoenas ("Application"), together with a proposed order to show cause, the supporting memorandum of law, and the Declaration of Sheldon Mui dated July 24, 2025 and the exhibits thereto based on the following:

1. Respondent Rabindranauth Persaud ("Persaud") has refused to comply with Commission investigative subpoenas that lawfully were issued in the Commission's investigation titled RRTP Consulting Services, LLC (Internal File No. NY-10882) (the "RRTP Investigation").

2. On September 18, 2024, the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony (the "Formal Order") in the RRTP

Investigation under Section 20 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t] and Section 21(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(a)].

3. Pursuant to the Formal Order, the Commission is investigating, among other things, whether RRTP, its officers, directors, employees, partners, subsidiaries and/or affiliates, and/or other persons violated the anti-fraud provisions of the Securities Act and the Exchange Act by making false statements of material fact and omitting to disclose material facts concerning, among other things, undisclosed trading of securities using investor funds.

4. The Formal Order designates certain individuals as officers of the Commission empowered to subpoena witnesses, to take evidence, and to require the production of any records deemed relevant or material to the investigation, under Section 19(c) of the Securities Act [15 U.S.C. § 77s(c)] and Section 21(b) of the Exchange Act [15 U.S.C. § 78u(b)].

5. In an informal telephonic interview with the Commission staff on August 8, 2024, Persaud stated that he was the owner of RRTP. Persaud is the listed registered agent for RRTP. The listed address for RRTP is also Persaud's home address.

6. On October 2, 2024, one of the designated Commission officers issued an investigative subpoena to Persaud to produce documents in the RRTP Investigation ("the Document Subpoena"). The Commission served the Document Subpoena on Persaud by United Postal Service overnight delivery at his home address. The Commission also sent the Document Subpoena to Persaud by email.

7. The Document Subpoena required Persaud to produce documents, including: (1) a list of all companies Persaud owns and controls; (2) all invoices Persaud issued for any services he provided; (3) identities and contact information for all individuals and entities Persaud provided any services to; (4) documents concerning the nature of any services Persaud provided; (5) Persaud's bank and brokerage account statements; (6) all agreements between Persaud and all individuals and

2

entities concerning the trading of securities; and (7) all of Persaud's email addresses and telephone numbers.

8.  The Document Subpoena required Persaud to produce all responsive documents by October 17, 2024.

9.  On November 1, 2024, Persaud filed a *pro se* motion to quash the Document Subpoena as well as two other investigative subpoenas that were issued to T.D. Bank, N.A. and J. P. Morgan Chase Bank, N.A.  *Persaud v. Securities and Exchange Commission*, 24-MC-505 (S.D.N.Y.).

10.  On November 20, 2024, Persaud told the Commission officer who had issued the subpoena that he would not be producing any documents.

11.  On March 17, 2025, the court denied Persaud's motion to quash.  With respect to the Document Subpoena, the court held that it lacked subject matter jurisdiction over Persaud's motion to quash the Document Subpoena.

12.  On May 14, 2025, one of the designated Commission officers issued an investigative subpoena to Persaud to appear for sworn testimony in the RRTP Investigation on June 13, 2025 (the "Testimony Subpoena").

13.  The Commission served the Testimony Subpoena on Persaud by United Postal Service overnight delivery at his home address.  The Commission also sent the Testimony Subpoena to Persaud by electronic mail.

14.  On May 14, 2025, Persaud emailed the Commission officer that he was out of the country and could not appear for testimony on June 13, 2025.  The Commission officer responded by email, requesting that Persaud provide alternative dates for testimony.

15.  On May 22 and May 27, 2025, the Commission officer sent emails to Persaud regarding the Document and Testimony Subpoenas.  On May 27, 2025, Persaud responded by email that he "won't be coming in for a verbal interview."

16.     Persaud has not provided any documents in response to the Document Subpoena and has not appeared for testimony.

14.     The Commission therefore submits this Application for an Order to Show Cause, in the form attached, requiring Persaud to show cause why he should not be ordered to comply with the Document Subpoena by producing all responsive documents to the Commission at its New York Regional Office, 100 Pearl St., Suite 20-100, New York 10004 and by appearing for sworn testimony.

15.     The Commission further requests that, after a hearing, the Court enter an Order requiring Persaud to comply with the Document Subpoena within twenty (20) days and to appear for testimony pursuant to the Testimony Subpoena within thirty (30) days therefrom.

16.     The Court has jurisdiction over this matter and venue properly lies within the Southern District of New York, pursuant to Section 22(b) of the Securities Act [15 U.S.C. § 77v(b)] and Section 21(c) of the Exchange Act [15 U.S.C. § 78u(c)].

WHEREFORE, the Commission respectfully requests:

**I.**

That the Court enter an Order to Show Cause, directing Persaud to show cause why this Court should not enter an Order requiring him to produce all documents responsive to the subpoena that was issued to him and to appear for testimony.

**II.**

That the Court enter an Order requiring Persaud to comply fully with the Document Subpoena and produce responsive documents within twenty (20) days.

**III.**

That the Court enter an Order requiring Persaud to appear for testimony within thirty (30) days of producing responsive documents to the Document Subpoena.

**IV.**

That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the subpoena within the time period set forth in the proposed Order to Show Cause.

Dated: July 24, 2025
New York, New York

SECURITIES AND EXCHANGE COMMISSION

By: ⎯⎯⎯/s/ Todd D. Brody⎯⎯⎯
Todd D. Brody
Sheldon L. Pollock
Gerald A. Gross
Sheldon Mui
Attorneys for Applicant
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
100 Pearl St., Suite 20-100
New York, New York 10004
(212) 336-00080 (Brody)
E-mail: brodyt@sec.gov